# ALLEGHENY COUNTY,

## December Term, 1794.

### PENNSYLVANIA v. ANDREW ROBERTSON.

ROBERTSON was indicted for the murder "of an Indian man of the *Munsey* tribe," on 1st of *May,* 1794.—

*Robertson* was in the employment of the contractor and in a house of his, at *Fort-Franklin,* and was frying

1794.

meat on the fire. The *Indian* came in drunk, and ftept acrofs the frying-pan, as if to kick it over. *Robertfon* bade him go out, and on his refufing, faid he would put him out. The *Indian* perfifting in his refufal to go out, *Robertfon* proceeded to put him out. A ftruggle enfued, and both fell. *Robertfon* got up firft, and feized the *Indian's* feet, to drag him out. When he had dragged him as far as the door, the *Indian* feized the door poft. *Robertfon* called to fome prefent, to part the *Indian* from the door-poft. The *Indian* faid he would let go his hold. *Robertfon*, then let go his hold of the *Indian's* feet. On this the *Indian* kicked *Robertfon* with one of his feet in the face, fo that the blood run from his nofe in a ftream. Then the *Indian* got up, and made at *Robertfon*, who thereupon feized the bar of the door, which was of cherry-tree, three feet long, about three inches broad, and half an inch thick, and ftruck the *Indian* with the narrow fide of it, on the fide of his head, fo that he inftantly fell and died. The *Indian* was a ftrong man, of about fix feet high, much ftouter than *Robertfon.* He was ftanding outfide the door, and between *Robertfon* and the door. The bar was lying outfide the door on the ground. The *Indian* had a knife. The *Indians* generally were, at that time, fuppofed to be dangerous, fo that the people durft not go out of the fort. The *Munfey* tribe, or part of them, were hoftile, this man was under ftrong fufpicions, was a *bad Indian,* of no repute among his own people, who thought the killing of him not improper. Such was the cafe on the evidence.

*Brackenridge* and *Collins,* for the prifoner, contended, that this was but homicide *fe defendendo,* and the jury ought to acquit. 1 *Hawk.* 113, 3 *Bac.* 675, 1 *Hale,* 486, 4 *Comm.* 184.

*Galbraith,* for the ftate, cited 1 *Hale,* 485, 1 *Hawk.* 105, 108.

PRESIDENT. The circumftances proved clear this cafe of all prefumption of malice. The killing therefore is not murder.

Is it manflaughter? It was lawful for *Robertfon* to exert as much force, as was fufficient to put the *Indian* out of the houfe. It does not appear that he ufed more.

R 4

After he had accomplished this, the *Indian* was the aggreſſor, by kicking *Robertſon* with his foot. He was proſecuting his attack, " he made at *Robertſon*." He was a *ſavage*, a *drunk* ſavage, a ſavage naturally *illdiſpoſed*, *armed* with a knife, a *ſtronger* man than *Robertſon*; and his *nation* and *himſelf* were under ſtrong ſuſpicions of hoſtility. All theſe circumſtances were ſufficient to alarm *Robertſon* for his own ſafety, and induce him to arm himſelf with a ſtick, to prevent the danger of the *Indian's* attack, and ſave his own life, by a ſtroke at the life of the *Indian*.

If you believe, that *Robertſon* might have otherwiſe entered the houſe, or eſcaped, and that the blow was given in a mutual combat, without neceſſity either from the protection of his life, the poſſeſſion of his houſe, or his right of entering it, the killing is manſlaughter.

If you believe, that there was no other probable way to get into the houſe, or otherwiſe eſcape from the rage of the *Indian*, and the danger of his life, than by the blow given, it is but homicide in ſelf-defence.

If you believe it homicide in ſelf-defence, you may acquit the priſoner on this indictment.

Verdict not guilty.